RENE L. VALLADARES
Federal Public Defender
Nevada Bar No. 11479
MICHAEL PESCETTA
Assistant Federal Public Defender
Nevada Bar No. 2437
michael_pescetta@fd.org
DAVID ANTHONY
Assistant Federal Public Defender
Nevada Bar No. 7978
david_anthony@fd.org
HEATHER FRALEY
Assistant Federal Public Defender
Texas Bar No. 24050621
heather_fraley@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
Tel: (702) 388-6577
Fax: (702) 388-5819

Attorneys for Petitioner

KAMALA D. HARRIS
Attorney General of California
RONALD S. MATTHIAS
Senior Assistant Attorney General
GLENN R. PRUDEN (No. 195089)
Glenn.Pruden@doj.ca.gov
Supervising Deputy Attorney General
ALICE B. LUSTRE (No. 241994)
Alice.Lustre@doj.ca.gov
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Tel: (415) 703-5959
Fax: (415) 703-1234

Attorneys for Respondent

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD ALLEN DAVIS, | Case No. 3-13-cv-408-EMC |
| Petitioner, | **DEATH PENALTY CASE** |
| vs. | JOINT CASE MANAGEMENT STATEMENT |
| KEVIN CHAPPELL, Warden, San Quentin State Prison, | (Fed. R. Civ. Pro. 16) |
| Respondent. | |

1

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

This Court has jurisdiction over this habeas corpus proceeding under 28 U.S.C. § 2254. The custodian of the petitioner, the Warden of San Quentin State Prison, has been served with the petition. The Warden represents the interests of the state of California. <u>See</u> <u>Calderon v. U.S. Dist. Court. (Nicolaus)</u>, 98 F.3d 1102, 1107 n.4 (9th Cir. 1996). Venue is proper in this district, as the offense in question was committed in Sonoma County and tried in Santa Clara County, California. <u>See</u> Habeas Corpus Local Rule 2254-22 (b).

2. <u>Facts</u>

In this 28 U.S.C. § 2254 case, petitioner Richard Allen Davis seeks a writ of habeas corpus to vacate his 1996 conviction for first-degree murder with special circumstances of burglary, robbery, kidnapping and attempted lewd act upon a child under the age of 14, and his related convictions, and his death sentence, and remand the case to Santa Clara Superior Court with instructions to release or retry him on such charges not otherwise barred by double jeopardy. Respondent will oppose the issuance of the writ, and all relief requested, and seeks speedy execution of the sentence affirmed in state court.

On June 1, 2009, the California Supreme Court affirmed petitioner's convictions and death judgment on direct appeal. <u>People v. Davis</u>, 46 Ca. 4th 539 (2009), <u>cert. denied</u>, 130 S. Ct. 1079 (2010). On January 23, 2013, the state court denied his petition for writ of habeas corpus. <u>In re Richard Allen Davis on Habeas Corpus</u>, No. S157917.

On December 21, 2013, this Court granted petitioner's pro se request for appointment of counsel. Docket No. 8. On January 23, 2014, one year after his state habeas corpus petition was denied, counsel for petitioner filed a preliminary petition for writ of habeas corpus in this Court.

3. <u>Legal Issues</u>

The parties anticipate that litigation of the petition currently on file would involve issues of exhaustion of state remedies, 28 U.S.C. § 2254 (b); procedural default for failure to raise constitutional claims, <u>see</u>, <u>e.g.</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 747-48 (1991); <u>cf.</u> <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1316 (2012); and, on the merits, issues of ineffective assistance of trial, appellate and post-conviction habeas counsel, <u>see</u> <u>Martinez</u>, 132 S. Ct. at 1316; <u>Evitts v. Lucey</u>, 469 U.S. 387, 395-97 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984), as well as issues of state judicial error. It is anticipated that additional claims will be presented in the Finalized Petition. Habeas Corpus Local Rule 2254-28.

4. <u>Motions</u>

The only motion that has been filed thus far is the motion for appointment as counsel, which this Court granted on October 21, 2013.

Petitioner anticipates filing separate motions for equitable tolling, <u>see</u> <u>Holland v. Florida</u>, 560 U.S. 631 (2010), discovery, <u>see</u> Rule 6, Rules Governing Section 2254 Cases, and evidence preservation. <u>See</u> Section 5, below.

5. <u>Amendment of Pleadings</u>

The parties have conferred about the possible amendment of the pending petition for writ of habeas corpus. The parties have different views on this issue.

A. Petitioner's View

Petitioner anticipates filing a Finalized Petition, <u>see</u> Habeas Corpus Local Rule 2254-28, following complete investigation of the matter by appointed counsel, and an opportunity to seek discovery, in order to allege all of petitioner's available constitutional claims. <u>See</u> 28 U.S.C. § 2244 (b); <u>see also</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 494-96 (1991). The current preliminary petition was filed within the statute of limitations imposed by 28 U.S.C. § 2244
3

(d)(1)(A), (d)(2), and is therefore timely. Petitioner will seek equitable tolling to permit the timely filing of the Finalized Petition. See Holland v. Florida, 560 U.S. at 634-35.

The courts of this district have generally accepted that the statute of limitations should be equitably tolled during the time before counsel is appointed. See, e.g., Smith v. Ayers, No. 3-4-cv-3436-CRB slip opn. at 2 ("were [a c]ourt to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated.") (N.D. Cal. Jan. 8, 2009); Fairbank v. Woodford, No. 3-98-cv-1027-CRB (N.D. Cal. Sept. 26, 1999); Ervin v. Woodford, No. 4-0-cv-1228-CW (N.D. Cal. Nov. 14, 2001); Hughes v. Woodford, No. 3-3-cv-2666-JSW (N.D. Cal. Dec. 24, 2003). In this case, however, the state records and files of previous counsel are massive, amounting to over 387,000 pages of material, and an estimated 100,000 pages or more of additional records are apparently in the possession of previous counsel or third parties. See Docket No. 11-10 at p. 30 (Ex. 88 to Petition for Writ of Habeas Corpus, Declaration of Bonnie L. Arentz). Under these circumstances, petitioner will request equitable tolling of one year from the date of counsel's receipt of the file from the California Appellant Project, which occurred on January 2, 2014, within which to file the Finalized Petition. In the alternative, petitioner will request equitable tolling of one year from the date of the appointment of counsel, on October 21, 2013.

The parties agree to the following briefing schedule for petitioner's motion for equitable tolling: Petitioner's motion will be due forty-five (45) days from the filing of the Case Management Order; Respondent's response will be due within thirty (30) days after the filing of the motion; and Petitioner's reply, if any, will be due within fourteen (14) days after the filing of the response, as reflected in the accompanying proposed order.

///

B.  Respondent's View

While respondent acknowledges that the Supreme Court held in Holland v. Florida, 560 U.S. at 634-35, that the AEDPA statute of limitations is subject to equitable tolling, the threshold to trigger it is necessarily high, lest the exception swallow the rule. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Respondent will address petitioner's claim to entitlement to equitable tolling to his response to petitioner's motion in accordance with the contemplated schedule.

6.  Evidence Preservation

The parties agree that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

The parties have conferred, but are unable to agree whether good cause exists for the Court to order the state trial court, prosecution, public defender, and other entities to preserve evidence which may be material to petitioner's claims. The parties agree to the following briefing schedule for petitioner's motion, if any, for a preservation order: Petitioner's motion will be due forty-five (45) days of the filing of the Case Management Order; Respondent's opposition within thirty (30) days after the filing of petitioner's motion; and Petitioner's reply, if any, within fourteen (14) days after the filing of the opposition. The parties' views on the issue are set forth briefly below.

/ / /

A. Petitioner's View

The basic premise of Fed. R. Civ. Pro. 26 is that parties, and third parties with material information, cannot thwart the discovery process by destroying records which are relevant, or reasonably calculated to lead to the discovery of admissible evidence, now that the case has been activated by the recent appointment of counsel. This Court's standing order for joint case management statements requires the parties to specify "steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program[.]" (July 1, 2011 Order.) Counsel for petitioner believe that evidence relevant to his current or anticipated claims may exist in electronic storage.

B. Respondent's View

Respondent's position is that any request for a preservation order would be overbroad, onerous, and unnecessary. Petitioner has not identified any particular claim in the current petition on file which is the subject of any evidence that is in danger of being lost. In fact, petitioner seeks to dispose of the petition currently on file, supplanting it with a "finalized" one to be filed later. Thus, any request made by petitioner would be grounded in nothing more than speculation. Petitioner has also made no showing that any evidence related to his case is in jeopardy of being destroyed or that adequate retention policies for such evidence are not currently in place.

Finally, respondent also questions petitioner's ability to establish good cause for such an order based on the Supreme Court's recent decision in Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The record that was before the state court is intact and no order requiring preservation is necessary.

7. <u>Disclosures</u>

The parties agree that the initial disclosure requirements of Fed. R. Civ. P. 26 are not applicable in this habeas corpus matter. <u>See</u> Rule 12, Rules Governing Section 2254 Cases.

The parties agree that on March 27, 2014, respondent complied with Habeas Corpus Local Rule 2254-27, by lodging the state record, including specified records such as the state court trial record, the parties' briefing on appeal and in state habeas corpus proceedings, all opinions and orders, and an index and method of citation to these records. Docket No. 16.

8. <u>Discovery</u>

The parties agree that, pursuant to Rule 6 of the Rules Governing Section 2254 Cases, and Habeas Corpus Local Rule 2254-29 (h), discovery in this habeas corpus proceeding requires leave of the Court upon a showing of good cause, and Fed. R. Civ. P. 26 generally does not apply here. The parties do not agree upon the propriety of discovery.

A. Petitioner's View

Based on the investigation conducted by counsel so far, petitioner believes that there are documents that are relevant to the issues in this matter but that are not included in the state court records or in prior counsel's files. Petitioner will move for leave to conduct discovery, pursuant to Rule 6 of the Rules Governing Section 2254 Cases and Habeas Corpus Local Rule 2254-29 (h). The parties agree to the following briefing schedule for briefing on petitioner's discovery motion: Petitioner's motion will be due forty-five (45) days of the filing of the Case Management Order; Respondent's opposition will be due within thirty (30) days after the filing of petitioner's motion; and Petitioner's reply, if any, will be due within fourteen (14) days after the filing of the opposition.

/ / /

B. Respondent's View

No discovery may be undertaken without authorization by the Court, pursuant to Rule 6, Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Thus, to the extent that petitioner seeks equitable tolling to file a new petition and render a nullity the petition currently on file because of concerns about any preclusive effect that Mayle v. Felix, 545 U.S. 644 (2005) might have on his ability to amend, respondent submits that any discussion about discovery is premature.

9. Class Actions

The parties agree that this habeas corpus proceeding cannot be litigated as a class action.

10. Related Cases

The parties agree that there are no known cases related to this matter.

11. Relief

The parties agree that petitioner seeks relief in the form of an order vacating conviction and sentence. No monetary damages are involved.

12. Settlement and ADR

The parties do not believe that settlement is an option in this matter.

13. Consent to Magistrate Judge for All Purposes

The parties agree that all parties will not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References

The parties agree that this matter is not suitable for reference to binding arbitration, a special master, or the judicial panel on multidistrict litigation.

/ / /

15. Narrowing of Issues

The parties agree that attempts to narrow the procedural or substantive issues presented by petitioner would be premature at this juncture. The parties agree that narrowing the issues, if possible, should be undertaken after the Court disposes of petitioner's anticipated motions for equitable tolling, discovery and a preservation order, and the filing, if allowed, of a Finalized Petition.

16. Expedited Trial Procedure

The parties agree that this is not a type of case that can be handled under the Expedited Trial procedure of General Order 64.

17. Scheduling

The parties agree that the imposition of a schedule for consideration of the Finalized Petition, see Local Habeas Rule 2254-29, should be deferred until the resolution of petitioner's request for equitable tolling and the filing of a Finalized Petition under Local Habeas Corpus Rule 2254-28.

18. Trial

The parties agree that this habeas corpus matter is not amenable to disposition by trial except to the extent that factual issues may be presented to the Court in an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases and Habeas Corpus Local Rule 2254-29 (j); see also 28 U.S.C. § 2254(e).

19. Disclosure of Non-party Interested Entities or Persons

The parties agree that there are no "interested entities or persons" under Civil Local Rule 3-16, other than the State of California as the real party in interest, which is represented by the

Warden Respondent. See Calderon v. United States District Court (Nicolaus), 98 F.3d 1102, 1107 n.4 (9th Cir. 1996).

20. Other

The parties agree that case budgeting is not applicable in this matter, because counsel is a Federal Public Defender office. Cf. Habeas Corpus Local Rule 2254-26.

DATED: April 9, 2014.                                RENE VALLADARES
                                                     Federal Public Defender

                                                     /s/ Michael Pescetta
                                                     MICHAEL PESCETTA
                                                     DAVID ANTHONY
                                                     HEATHER FRALEY
                                                     Assistant Federal Public Defenders

                                                     Attorneys for Petitioner
                                                     RICHARD ALLEN DAVIS

DATED: April 9, 2014.                                KAMALA HARRIS
                                                     Attorney General for the State of California

                                                     /s/ Glenn R. Pruden
                                                     GLENN R. PRUDEN
                                                     Supervising Deputy Attorney General

                                                     Attorneys for Respondent
                                                     KEVIN CHAPPELL
                                                     Warden of San Quentin State Prison

CERTIFICATE OF SERVICE

Pursuant to LR 5-1(e)(1), I hereby certify that on this 9th day of April, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system: JOINT CASE MANAGEMENT STATEMENT & [PRPOSED] ORDER.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Ronald S. Matthias
Senior Assistant Attorney General, Second Co-Counsel

Glenn R. Pruden
Supervising Deputy Attorney General, Primary/Lead Counsel
Glenn.Pruden@doj.ca.gov

Alice B. Lustre
Deputy Attorney General, First Co-Counsel
Alice.Lustre@doj.ca.gov

/s/Katrina Manzi
An Employee of the Federal Public Defender