UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden, San Quentin State Prison,<br><br>    Respondent.<br>_____/ | No. C-13-0408 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR EQUITABLE TOLLING** |

## I. INTRODUCTION

Petitioner, a condemned prisoner at San Quentin State Prison, has filed a motion for equitable tolling of the one-year statute of limitations applicable federal habeas petitions. For the reasons outlined below, Petitioner's motion is **GRANTED** in part and **DENIED** in part.

## II. BACKGROUND

In September 1996, Petitioner was sentenced to death in Santa Clara County Superior Court following a conviction of first degree murder of 12-year old Polly Klaas, as well as the burglary of her home, kidnaping, an attempted lewd act against her, two counts of false imprisonment, two counts of assault with a deadly weapon and three counts of robbery. The California Supreme Court affirmed his conviction and death sentence on June 1, 2009. *People v. Davis*, 46 Cal. 4th 539 (2009). The United States Supreme Court denied certiorari on January 11, 2010. *Davis v. California*, 558 U.S. 1124 (2010).

On November 5, 2007, while his direct appeal was pending, Petitioner filed a state habeas petition. (Docket No. 2). The Supreme Court of California denied this petition on January 23, 2013.

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on January 29, 2013. His request for a stay was granted and his case was referred to the Selection Board for recommendation of counsel. (Docket No. 4) The Court appointed counsel on October 21, 2013. (Docket No. 8)

On January 23, 2014, prior to the expiration of the statute of limitations period, Petitioner filed a preliminary petition. (Docket No. 9) On April 9, 2014, pursuant to the Court's request, the parties filed a joint statement wherein Petitioner sought leave to file motions for discovery, evidence preservation and equitable tolling. (Docket No. 17) The Court denied without prejudice Petitioner's request to file a discovery motion, and granted his requests to file motions for evidence preservation and equitable tolling. (Docket No. 19)

Petitioner filed a motion for equitable tolling on June 30, 2014. He requests that the limitations period be tolled from January 23, 2013, the date the state court denied his state habeas petition, until January 2, 2014, the date that counsel received Petitioner's file from the California Appellate Project. In the alternative, he requests tolling from the conclusion of the state habeas proceedings until October 21, 2013, the date that counsel were appointed. With such tolling, the petition will be due, at the earliest, on October 21, 2014, or at the latest, on January 2, 2015. Respondent opposes Petitioner's request.

### III.   DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year deadline for an application for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)A). "Direct review" concludes when the United States Supreme Court denies a petition for certiorari or the time for seeking certiorari review expires. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). The United States Supreme Court denied Petitioner's petition for writ of certiorari on January 11, 2010. *Davis v. California*, 558 U.S. 1124 (2010). Petitioner's limitations period was statutorily tolled

however, during the pendency of his state habeas petition. 28 U.S.C. § 2244(d)(2). His state habeas petition was filed on November 5, 2007, and denied on January 23, 2013. His statute of limitations thus began to run on January 23, 2013, and absent tolling, expired on January 23, 2014.

The one-year limitation period of § 2244(d)(1) is not jurisdictional and can be equitably tolled. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). Although equitable tolling will not be available in most circumstances, it may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner has pursued his rights diligently. This is evidenced by the fact that he initiated the present action and invoked his right to counsel on January 29, 2013, just six days after the Supreme Court of California denied his state habeas petition, and well before his statute of limitations expired. *See, e.g.*, *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012). Furthermore, within three weeks of his counsel's receipt of his complete file, he filed a preliminary petition that constituted counsel's best effort to assemble a petition before his statute of limitations expired.

As to extraordinary circumstances, Petitioner argues that he is entitled to equitable tolling because he lacked counsel during most of his statutory period. In capital cases, an indigent petitioner has a statutory right to counsel, which includes the right to legal assistance in the preparation of a habeas petition. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994). The Supreme Court has observed that given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a habeas petition is crucial. *McFarland*, 512 U.S. at 855-56.[1] In particular, "the right to counsel

---

[1] Contrary to Respondent's assertions, the statutory rather than constitutional underpinning of the right to counsel in capital cases does not undermine its importance.

3

necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. Accordingly,

> a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

*Stanley v. Martel*, No. 3-7-cv-4727-EMC, slip op. at 2 (N.D. Cal. July 26, 2011) (Order Granting in Part & Den. in Part 2d Mot. for Equitable Tolling) (internal quotation marks and citation omitted); *see also, e.g.*, *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *6 (E.D. Cal. Mar. 9, 2007). The absence of counsel during nine months of Petitioner's statutory period thus constitutes an extraordinary circumstance preventing him from filing the petition that he is statutorily entitled to file.

Respondent opposes Petitioner's request for tolling on various grounds. He asserts that Petitioner has already filed an extensive petition within the AEDPA's statute of limitations and is now seeking tolling so he can engage in a fishing expedition to explore the existence of previously undiscovered claims. He asserts because Petitioner has already filed a "finalized" petition as contemplated by the Court's Capital Habeas Local Rules, no tolling is necessary.

Respondent's argument lacks merit. As Petitioner points out, Petitioner's ability to file a hastily-prepared preliminary petition within the limitations period does not negate the fact that for nine of the twelve months of the limitations period, he lacked counsel. Petitioner is entitled to tolling of the period during which he did not have counsel, irrespective of the fact that he has a preliminary petition on file. *See*, *e.g.*, *Huggins v. Martel*, No. 06-7254 (N.D. Cal. March 2, 2012); *Pollack v. Martel*, No 05-1870 (N.D. Cal. Jan. 20, 2012).

Respondent further asserts that in light of the fact that all federal claims must first be exhausted in state court, as well as the limitations imposed by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) (federal habeas review of a state court's adjudication of a claim on the merits is limited to the record that was before the state court that adjudicated the claim), assistance of counsel should not be

4

interpreted to include a "total reinvestigation of the case in search of new issues." (Docket No. 24 at 10) Contrary to Respondent's assertion, the exhaustion doctrine does not moot Petitioner's right to federal habeas review or to equitable tolling. Furthermore, *Pinholster* is inapposite. There is no discussion in *Pinholster* of equitable tolling or of anything else related to the habeas statute of limitations. Respondent's argument is unavailing.

Finally, Respondent also argues that the fact that the AEDPA itself does not provide for tolling during the period when a request for appointment of counsel is pending indicates that Congress intended the limitations period to begin running notwithstanding a capital prisoner's unrepresented status. (Docket No. 23 at 14) Congress' decision to not provide for statutory tolling during the pendency of a request for appointment of counsel does not, however, negate a petitioner's entitlement to equitable tolling of the limitations period.

However, Petitioner's request for tolling not only until counsel were appointed, but until counsel received his file a little over two months following appointment, however, is unwarranted. He argues that without his file, counsel were not able to start preparing his petition. In support of his request, Petitioner cites cases where equitable tolling was granted based in part on the petitioner's lack of access to counsel's files. *See*, *e.g.*, *Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010), *Espinoza-Matthews v. California*, 432 F.3d 1021 (9th Cir. 2005), *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002). As Respondent points out, in these cases, petitioners were appearing pro se, either as an initial matter or due to counsel's failure to act, and due to varying circumstances, were denied access to their files. *See*, *e.g.*, *Lott*, 304 F.3d at 921-922 (petitioner denied access to his files during two temporary prison transfers.) Here, Petitioner does not assert that he was actually denied access to his files, nor does he outline any efforts to obtain his voluminous files (123 boxes) from the California Appellate Project beyond stating that it took two months to receive them.[2] He has failed to demonstrate that awaiting receipt of his files from his prior counsel constitutes an extraordinary circumstance that warrants tolling.

---

[2] Petitioner states that his counsel received the first of the 123 boxes nearly one month after appointment and the last box was received "three weeks prior to the AEDPA deadline." (Docket No. 24 at 16-17.)

5

## IV. <u>CONCLUSION</u>

The Court concludes that Petitioner has been pursuing his rights diligently, and the delay in appointing counsel prevents the timely filing of a finalized petition. The Court therefore **GRANTS** Petitioner's motion to toll his limitations period from January 23, 2013 – the date the state court denied his state habeas petition – until October 21, 2013, the date of appointment to counsel. The Court **DENIES** Petitioner's request to toll the limitations period until January 2, 2014 – the date counsel received Petitioner's files. Accordingly, Petitioner shall file his finalized petition on or before October 21, 2014.

IT IS SO ORDERED.

Dated: September 15, 2014

_____
EDWARD M. CHEN
United States District Judge

6