United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>    Respondent.<br>_____/ | No. C-13-0408 EMC<br><br>**<u>DEATH PENALTY CASE</u>**<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; AND GRANTING PETITIONER'S MOTION FOR STAY**<br><br>**(Docket Nos. 36, 40)** |

       Petitioner Richard Allen Davis is a condemned prisoner at California's San Quentin State Prison. Petitioner has filed a habeas petition containing 37 claims. The parties agree that claims 1-3, 6, 8-10, 12-17, 19-24, 29, 32-34 and 36 are exhausted, claims 35 and 37 are unexhausted, and claims 4-5, 7, 11, 18, 25-28, 30-31 and 33 are partially exhausted. These claims allege, *inter alia*, that: Petitioner was denied the effective assistance of counsel throughout his trial, his representation was plagued by conflict of interest, trial counsel failed to adequately prepare his mental health experts, the prosecutor committed misconduct, aggravating evidence was improperly admitted, the evidence is insufficient to support the conviction, the jury received faulty jury instructions, the trial court inadequately responded to a question from the jury, the trial court failed to excuse impaired jurors, the trial court improperly restricted the presentation of mitigation evidence, the jury committed misconduct, and that the extreme delay between the imposition of the death sentence and execution is unconstitutional. Respondent waives exhaustion as to the unexhausted portion of claim 33. In a motion to dismiss filed on March 2, 2015, Respondent contends that Petitioner's

unexhausted/partially exhausted claims must be dismissed and litigation should proceed only on the remaining exhausted claims. In a cross-motion for a stay filed on May 14, 2015, Petitioner counters that the petition should instead be held in abeyance pending his exhaustion of claims in state court. In a reply filed on June 11, 2015, Respondent requests that Petitioner's motion for a stay be denied, and that Petitioner be ordered to file an amended finalized petition containing only exhausted claims. For the reasons stated below, Respondent's motion to dismiss is **DENIED** and Petitioner's motion for a stay is **GRANTED**.

## I. BACKGROUND

In September 1996, Petitioner was sentenced to death in Santa Clara County Superior Court following a conviction of first degree murder of 12-year old Polly Klaas, as well as the burglary of her home, kidnaping, an attempted lewd act against her, two counts of false imprisonment, two counts of assault with a deadly weapon and three counts of robbery. The California Supreme Court affirmed his conviction and death sentence on June 1, 2009. *People v. Davis*, 46 Cal. 4th 539 (2009). The United States Supreme Court denied certiorari on January 11, 2010. *Davis v. California*, 558 U.S. 1124 (2010).

On November 5, 2007, while his direct appeal was pending, Petitioner filed a state habeas petition. (ECF Doc. No. 2) The Supreme Court of California denied this petition on January 23, 2013.

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on January 29, 2013. His request for a stay was granted and his case was referred to the Selection Board for recommendation of counsel. (ECF Doc. No. 4) The Court appointed counsel on October 21, 2013. (ECF Doc. No. 8)

On January 23, 2014, prior to the expiration of the statute of limitations period, Petitioner filed a preliminary petition. (ECF Doc. No. 9) On April 9, 2014, the parties filed a joint statement wherein Petitioner sought leave to file motions for discovery, evidence preservation and equitable tolling. (ECF Doc. No. 17) The Court denied without prejudice Petitioner's request to file a discovery motion, and granted his requests to file motions for evidence preservation and equitable tolling. (ECF Doc. No. 19)

Petitioner filed a motion for equitable tolling on June 30, 2014. This motion was granted in part and denied in part on September 15, 2014. Petitioner filed an amended petition on October 21, 2014, and further amended the petition on January 29, 2015. The instant briefing followed.

## II.  LEGAL STANDARD

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in *dicta* that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that

3

stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

More recently, in *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay," finding that such a conclusion was consistent with and supported by *Martinez*. The court found that the "good cause element is the equitable component of the *Rhines* test," and that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Id* at 982. The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id*. He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the Ninth Circuit found that the district court abused its discretion in denying a stay and remanded the case. *Id*. at 983-84.

### III.   DISCUSSION

Respondent moves to dismiss Petitioner's petition because it contains unexhausted claims. Such a dismissal is unwarranted because a mixed petition may be stayed provided that Petitioner meets the requirements set forth in *Rhines*, namely: (1) shows good cause for his failure to exhaust, (2) establishes that his claims are potentially meritorious and (3) shows that he did not intentionally engage in dilatory tactics. *Rhines*, 544 U.S. at 273-78. As discussed below, Petitioner meets the requirements for a stay.

A.   Good Cause

Petitioner contends that a variety of factors establish good cause for his failure to exhaust. He asserts that: (1) state post-conviction counsel was ineffective, (2) post-conviction counsel labored under a conflict of interest, (3) *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) imposed a

novel, unforeseen change in the law, and (4) it is not clear that the state courts would find his claims procedurally barred. He also asserts that the Court has inherent power to stay this case. Because the Court finds that ineffective assistance of post-conviction counsel adequately establishes good cause for Petitioner's failure to exhaust, it will not address Petitioner's alternate arguments.

Petitioner alleges that state post-conviction counsel was ineffective for failing to investigate and raise the completely and partially unexhausted claims contained in his finalized petition. In particular, he asserts that counsel failed to interview mitigation witnesses, such as family and friends, who could have testified regarding Petitioner's family history of physical, substance and sexual abuse. Petitioner claims that post-conviction counsel failed to retain expert witnesses to explore the mitigating effects of his drug and alcohol addiction, his neuropsychological impairments and his Native American background. Additionally, post-conviction counsel allegedly failed to present evidence demonstrating that trial counsel were in possession of evidence that could have been used to impeach the State's expert Kathleen O'Meara's testimony that Petitioner did not suffer extensive abuse as a child.

Petitioner further asserts that post-conviction counsel clearly recognized the need for an adequate mitigation investigation. As early as 2005, counsel acknowledged that "[i]t may be that renewed efforts to contact Rick's older brothers, and his mother, are in order, but it is also necessary to attempt to contact other relatives who were around during Rick's early years." (ECF Doc. No. 40-1, Exh. 137) Seven months prior to the filing of the state habeas petition however, counsel wrote a memo to his investigator, Sanford Glickman, stating that "the more I think about where we stand on the investigation I assigned you in the Davis case, the more disappointed I am." (ECF Doc. No 40-2, Exh. 138) He complained of Glickman's failure to obtain signatures on declarations, his lack of preparation when interviewing witnesses, and postponement of assignments, resulting in a situation where "as a result of the work you [Glickman] have done on this case I have nothing to show for it . . . work on the Davis case is simply unacceptable to meet the standards for post-conviction capital cases." *Id*. Petitioner contends that despite counsel's recognition of the inadequacy of the investigation, he failed to remedy the situation, as none of the necessary mitigation investigation was ever conducted.

Based on its review of the record, the Court finds that Petitioner has advanced a reasonable excuse, supported by evidence, to justify his failure to exhaust his claims. *See Blake*, 745 F.3d 982. Petitioner supports his allegations with memos from post-conviction counsel's files documenting failure to conduct an adequate investigation. Petitioner's showing of post-conviction ineffective assistance satisfies the *Rhines* good cause requirement.

Respondent faults Petitioner for failing to provide a declaration from post-conviction counsel "shedding any light on his possible tactical considerations behind his alleged ineffectiveness," but fails to provide any authority establishing such a requirement. Respondent cites *Burt v. Titlow*, 134 S. Ct. 10, 17-18 (2013), in which the Supreme Court found that the absence of evidence that counsel gave constitutionally adequate advice regarding whether to withdraw a guilty plea did not overcome the strong presumption of counsel's effectiveness. The Court did not establish a requirement that ineffective assistance claims be supported by declarations from counsel. In any event, Petitioner has submitted a declaration from post-conviction counsel as an attachment to his reply. (ECF Doc. No. 43, Exh. 139) The declaration states that post-conviction counsel had no strategic reason for failing to interview mitigation witnesses, hire an addiction specialist, hire an expert on Native American culture, or to have a thorough neuropsychological evaluation completed. *Id*.

Respondent further complains that "not one first time *Rhines* stay request in a capital case in this district has been denied," and that "this surely cannot be what the Supreme Court meant by the concept of 'limited circumstances' in *Rhines*." (ECF Doc. No. 42 at 9) The definition of good cause need not, however, be limited "to only those excuses that arise infrequently." *Blake*, 745 F.3d at 982. In the instant case, Petitioner has demonstrated good cause.

B.  Merit of Claims

Petitioner argues that *Rhines* requires that at least one unexhausted claim be "potentially meritorious," and that one or more of his unexhausted claims meet this requirement. He focuses his argument on claims 4, 5, 35 and 37. Respondent contends that Petitioner's claims are not meritorious.

Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." *Rhines*, 544 U.S. at 277.

This rule has been interpreted to mean that a stay is appropriate as long as at least one claim is not plainly meritless. *See*, *e.g*., *Petrosky v. Palmer*, No. 3-10-cv-0361, 2013 WL 5278736 *5 (D. Nev. Sept. 16, 2013). Here, Petitioner has filed a lengthy petition containing allegations that are not vague, conclusory or patently frivolous. For example, in claim 4, Petitioner alleges that he was denied his right to conflict-free and effective legal representation at all stages of his trial proceedings. Claim 4 contains seven subclaims, and is supported by numerous exhibits and citations to controlling caselaw. Claim 5 alleges, in detail, that trial counsel were ineffective for failing to properly select and prepare mental health experts to testify on Petitioner's behalf. Claim 35 alleges that appellate counsel was ineffective. Claim 37 alleges that Petitioner's constitutional rights were violated by the State's presentation of fundamentally unreliable forensic evidence, specifically hair comparison and fiber analysis. In all of these claims, Petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. Based on its review of the record, the Court cannot conclude that Petitioner's unexhausted claims are plainly meritless.

C.  Absence of Dilatory Tactics

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Court already found that Petitioner has been pursuing his rights diligently when it granted equitable tolling. (ECF Doc. No. 25) Since then, Petitioner has been following this Court's Habeas Local Rules in litigating his petition. There is no further evidence that Petitioner has engaged in dilatory litigation tactics to date. Petitioner satisfies the third prong of *Rhines*.

In addition, district courts have inherent power to control their dockets and stay proceedings. *Ryan v. Gonzalez*, 133 S. Ct. 696, 708 (2013), *quoting Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("the decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'"). Here, granting Petitioner a stay promotes the interest of judicial economy, as it will eliminate the possibility of piecemeal litigation. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 987-88 (9th Cir. 1998). A stay will also promote comity, as it will provide the state

court the opportunity to rule on Petitioner's claims first. *Rose*, 455 U.S. at 518. These factors strongly favor the issuance of a stay.

### IV. CONCLUSION

For the above-mentioned reasons, the Court finds as follows:

1. Respondent's motion to dismiss is DENIED;

2. Petitioner's motion for a stay is GRANTED;

3. Counsel for Petitioner shall file an exhaustion petition in state court within 90 days of the date of this Order;

4. One hundred and twenty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, Petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, Petitioner shall serve and file notice that proceedings are completed.

This order disposes of Docket Nos. 36 and 40.

IT IS SO ORDERED.

Dated: July 24, 2015

_____
EDWARD M. CHEN
United States District Judge